HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYUNG THOMAS,

     Plaintiff,

  v.

JIN & SANG CORPORATION, et al.,

     Defendants.

CASE NO. C13-1032 RAJ

ORDER GRANTING DEFAULT JUDGMENT

     This matter comes before the court on Plaintiff's renewed motion for default judgment against defendants Oston Tsevegmid, San Yun, and Jin & Sang Corporation. Dkt. # 22.

     The court's role in considering a motion for default judgment is not ministerial. The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must provide evidence to support a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum

ORDER GRANTING DEFAULT JUDGMENT – 1

or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff began working at Jin and Sang Corporation dba Tokyo Teriyaki Stop ("Tokyo") as a waitress and cashier in April 2008. Dkt. # 22-2 (Thomas Decl.) ¶ 3. Plaintiff took a leave of absence to care for her sick husband who passed away in March 2010. *Id.* ¶ 4. Upon her return to Tokyo in March 2012, and after disclosing that her husband had passed away, defendant Oston Tsevegmid began making unwanted sexual advances to her during work hours. *Id.* ¶¶ 6-7. Tsevegmid frequently approached her without invitation, and pressed his body against hers for several seconds, and he groped her breasts and bottom during work hours. *Id.* ¶¶ 8-9. Plaintiff repeatedly asked Tsevegmid to stop, but he continued to make unwanted sexual advances and continued touching and groping her. *Id.* ¶ 10. In May 2012, plaintiff reported Tsevegmid's comments and conduct to the manager, defendant Sang Yun. *Id.* ¶ 11. Yun did not take corrective measures, and instead, urged her to accept Tsevegmid's advances. *Id.* ¶ 12. Thereafter, Tsevegmid's sexual advances, comments, and groping became more aggressive. *Id.* ¶ 13. In July 2012, plaintiff reported Tsevegmid's conduct to defendant Jin Rang Chung, the owner of Tokyo, during Ms. Chung's visit to the United States from Korea. *Id.* ¶ 14; Dkt. # 1 (Compl.) ¶ 1.3. Ms. Chung told plaintiff to "just deal with it" and failed to take any corrective measures. Dkt. # 22-2 (Thomas Decl.) ¶ 15.

Due to the unchanged hostile working conditions, plaintiff was forced to resign from her position at Tokyo on or around October 1, 2012. *Id.* ¶ 17. Prior to plaintiff's forced resignation, there were no complaints about her work performance or customer relations. *Id.* ¶¶ 18-20. While employed at Tokyo, plaintiff earned approximately $1,542.44 per month. *Id.* ¶ 21, Ex. A. Between October 2012 and April 2013, plaintiff attempted to obtain employment by filling out job applications for various positions

ORDER GRANTING DEFAULT JUDGMENT – 2

within her skill set.  *Id.* ¶ 27.  Plaintiff was unable to secure a new job until April 15, 2013, resulting in a loss of approximately $10,797.08 in lost wages.  *Id.* ¶ 22.  Plaintiff obtained employment as a cashier and waitress at Happy Wok Teriyaki where she earns approximately $541.67 per month, which is approximately $1,000 per month less than what she earned at Tokyo.  *Id.* ¶ 26.  As a result of the sexual harassment she experienced while working at Tokyo, plaintiff has suffered from anxiety, depression and stress, including hair loss, lack of sleep, and bloody discharge.  *Id.* ¶ 23.  Plaintiff began suffering from these symptoms during her employment when she was being harassed.  *Id.*  Plaintiff has incurred $507.07 in medical fees and costs in treating her emotional and physical damages resulting from the sexual harassment she suffered at Tokyo.  *Id.*

      Plaintiff filed suit against defendants for sexual harassment and hostile work environment under Title VII and the RCW 49.60 *et al.* (against defendants Jin & Sang Corporation and Yun),[1] retaliation and constructive discharge (against defendants Jin & Sang Corporation and Yun) assault and battery (against defendant Tsevegmid), negligent and intentional infliction of emotional distress (against all defendants), and negligent retention and supervision (against defendants Jin & Sang Corporation and Yun).  Dkt. # 1.  In her complaint, plaintiff sought an award of damages against all defendants jointly and severally "in an amount proven at the time of trial[,]" an award of prejudgment interests and costs incurred, an award of reasonable attorney fees and litigation expenses under RCW 49.60.030(2), and for such other and further relief as the court deems equitable and proper.  *Id.* at 11.  Plaintiff alleges that she suffered economic losses, mental and emotional harm, anguish, and humiliation as a result of Tsevegmid's harassment and Yun and Jin & Sang Corporation's failure to take corrective measures.  *Id.* ¶¶ 4.8; *see also id.* ¶¶ 4.24-25 ("severe emotional distress"), 4.31 ("emotional distress").  Plaintiff also seeks punitive damages under Title VII.  *Id.* ¶ 4.9.

---

[1] Defendant Jin Rang Chung has been voluntarily dismissed from this action.

ORDER GRANTING DEFAULT JUDGMENT – 3

1   Plaintiff served the summons and complaint on defendants Yun and Tsevegmid on
2 August 2, 2013.  Dkt. # 22-1 (Caley Decl.) ¶ 3.  Plaintiff served the summons and
3 complaint on defendant Jin & Sang Corporation dba Tokyo Stop Teriyaki on August 30,
4 2013. *Id.* ¶ 4.  Defendants have failed to appear, plead, or otherwise defend this lawsuit.
5 *Id.* ¶ 5.

6   Plaintiff has addressed the concerns raised by the court in its prior order denying
7 default judgment.  Dkt. # 17.  The court finds that default judgment is appropriate here.
8 Fed. R. Civ. Proc. 55(a).  The court also finds that plaintiff is entitled to the following
9 actual damages:

10   1.  Back pay ($10,797.08) and front pay ($7,000.00). *Gotthardt v. Nat'l R.R.*
11 *Passenger Corp.*, 191 F.3d 1148, 1158 (9th Cir. 1999) (damages determined by
12 measuring the difference between actual earnings for the period and those which she
13 would have earned absent discrimination); *Martini v. Boeing Co.*, 137 Wash. 2d 357,
14 364-372, 971 P.2d 45 (Wash. 1999) (WLAD permits recovery of front and back pay for
15 successful discrimination claim when these damages are proximately caused by unlawful
16 discrimination).

17   2.  Medical bills in the amount of $507.07.

18   3.  Emotional distress in the amount of $3,000.00. *Negron v. Snoqualmie Valley*
19 *Hospital*, 86 Wash. App. 579, 588, 936 P.2d 55 (Wash. App. 1997) (discrimination
20 plaintiff may seek monetary compensation for actual damages including distress and
21 mental anguish caused by discrimination, and may prove such damages through non-
22 expert testimony).

23   The court also believes that a $45,000.00 award of punitive damages under Title
24 VII is reasonable where defendants' conduct was highly reprehensible, $45,000 is a
25 reasonable ratio of punitive damages to actual damages, and there is a comparable civil
26 penalty under Title VII. *See Arizona v. Asarco LLC*, 733 F.3d 882, 885-90 (9th Cir.

ORDER GRANTING DEFAULT JUDGMENT – 4

2013). First, defendants knew that plaintiff's husband had passed away and that she was financially vulnerable. Tsevegmid frequently and repeatedly sexual harassed and assaulted her despite repeated requests to stop. Neither the manager nor the owner took any corrective measures after being informed of the harassment and assaults. Rather, the manager suggested that plaintiff give in to Tsevegmid's sexual advances, and the owner told plaintiff to deal with it. Defendants' conduct indicates intentional malice and indifference to plaintiff's safety. The court finds that defendants' conduct is highly reprehensible. *See Asarco*, 733 F.3d at 886 (quoting Supreme Court regarding factors to consider in determining reprehensibility of defendant's conduct, including whether harm caused was physical, whether tortious conduct indicated indifference to or reckless disregard for health or safety of others, whether the target of the conduct had financial vulnerability, whether conduct involved repeated incidents, and whether the harm was result of intentional malice, trickery, deceit, or accident). Second, the punitive damages bear a reasonable relationship to the actual damages plaintiff sustained. Plaintiff has sustained actual damages in the amount of $21,304.15. An award of $45,000 in punitive damages is roughly 2 to 1 and within the single-digit ratio that satisfies due process. *See Asarco*, 733 F.3d at 888. Finally, a 2 to 1 ratio bears a reasonable relationship between punitive and compensatory damages in an employment discrimination case where the "civil penalty" cap under Title VII is $300,000, and courts have found reasonable significantly higher ratios in Title VII cases. *Id.* at 890-92.

Plaintiff has also requested ten percent interest on front and back pay. The court agrees that interest on front and back pay is appropriate. RCW 49.60.030(2); 42 U.S.C. § 2000e-5(g); *Curtis v. Security Bank of Wash.*, 69 Wash. App. 12, 20, 847 P.2d 507 (Wash. App. 1993). However, the court disagrees with the rate requested and will grant such interest pursuant to 28 U.S.C. § 1961 at a rate of 0.12 percent. *Estate of Reynolds v. Martin*, 985 F.2d 470, 472 (9th Cir. 1993); *W. Pac. Fisheries, Inc. v. SS President Grant*,

ORDER GRANTING DEFAULT JUDGMENT – 5

730 F.2d 1280, 1289 (9th Cir. 1984); *see* http://www.federalreserve.gov/releases/h15/data.htm (Treasury Constant Maturities, 1-year, weekly, Feb. 7, 2014) (last visited Feb. 27, 2014).   Accordingly, interest on back and front pay at a rate of 0.12 percent yields $23.75 and $8.40, respectively.

The court also finds that the attorney's fee request is reasonable, and awards $1,114.11 in costs and $21,383.00 in fees to present counsel and $688.70 to former counsel.  42 U.S.C. § 2000e-5(k); RCW 49.60.030(2).

For all the foregoing reasons, the court GRANTS plaintiff's motion for default judgment.  The Clerk is directed to enter judgment in favor of plaintiff and against defendants Oston Tsevegmid, San Yun, and Jin & Sang Corporation consistent with this order.

DATED this 28th day of February, 2014.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER GRANTING DEFAULT JUDGMENT – 6